At June Term, 1850, the master having reported that there was no such Society in existence as the Missionary Society of Now York, his Honor Chancellor DuNKIN decreed that the American Bible Society of New York was entitled to only one-half of the bequest under the 25th clause of Mrs. Timothy’s will. Erom this decree an appeal was also taken.
At January Term, 1851, the cause was heard on both appeals. The appeal from Chancellor DüNKIN’s decree was dismissed, (see 8 Rich. Eq. 235,) and the appeal from Chancellor Caldwell’s *258 decree was suspended, as appears by tbe following opinion delivei'-ed by
Dargan, Ch.
Tbe first appeal that will be considered, is that taken from tbe decree of Chancellor Caldwell, June Term, 1849. Tbe question made arises under tbe following circumstances : Ann Timothy, by her will, dated June 8, 1837, in tbe 9th clause, bequeaths as follows: “ I do leave and bequeath to Ann Timothy Cleland, daughter of my friend, Maria S. Cleland, one thousand dollars, to be placed at interest by my executors for her use, and given to her on her marriage; at her death to be given to her mother, the said Maria S. Cleland.” After giving eight pecuniary legacies, amounting in the aggregate to $9,000, she concludes the 12th clause as follows : “ All the above legacies must be paid out of the interest of my estate, or bonds, in succession, as herein stated above.”
The condition on which Ann Timothy Cleland was to receive her legacy has happened. She has intermarried with Capt. M. S. Howe, who is one of the defendants. The executors have tendered to Capt. and Mrs. Howe the legacy of one thousand dollars, but without interest; and the question of interest is the matter in controversy between these parties.
It is contended, on the part of the executors, that by a proper construction of Ann Timothy’s will, the eight first pecuniary legacies were intended to be paid only “ out of the interest of the estate or bonds” of the testatrix; that they were to be paid in the order of succession in which they were given in the different clauses of the will; and that therefore each of said legacies was only due and payable, after the expiration of such time, as the interest realized would entitle it to be paid in the order of succession prescribed in the will. Their argument, in other words, is, that this is not an interest bearing demand until it was due, and that it was' not due, or demandablo, until the executors had come into the possession of assets, arising from interest, to pay both this legacy and those given in the preceding clauses; which last, according to the construction of the appellants, are entitled *259 to priority of payment. They farther assert, as a matter of fact, that the funds whiph, according to their construction of the will, thex testatrix has provided for the payment of this legacy, have only been realized at a particular time; from which time they are willing to account for interest. To support the construction contended for by the appellants, it would also be necessary for them to show that the facts on which it rests did actually exist. But on looking into the brief, for the purpose of adjudging the question thus made, we find there are no data as to the facts, by which a judgment could possibly be formed. It was assumed at the bar, that interest enough to pay this legacy could not possibly have been made until a given period, and certain unofficial Statements as to the assets, and interest bearing demands of the estate and of its debts, were alluded to, and portions of them were read.
But these were admitted to be mere private statements, not judicially before the Court. What was the amount and value of the whole estate, and the amount of the residuary estate, of what it consisted, how much the executors realized annually in the way of interest or otherwise, and what amount of debts and liabilities existed, has not been brought to the view of the Court. Under these circumstances, the Court is not disposed, at the present time, to proceed to a final judgment. Upon all the matters above named information is desired. The judgment of this Court on this appeal will be suspended for the present. And it is ordered, that it be referred to the master to enquire and report as to all the facts above mentioned, as matters on which this Court desires information ; each party to have the right of filing exceptions to the master’s report, and bringing the same to a hearing before the Circuit Court.
JOHNSTON, DüNKIN and WaRduaw, CC., concurred.
In obedience to the directions contained in the above opinion, the master made his report, in which he stated that Mrs. Ann Timothy died about March 1, 1841; that her whole estate con *260 sisted of bonds, amounting in the aggregate, at the time of her death, to $29,629.85, besides interest then due to the amount $1,802.99; that her debts amounted to $829.04; that five pecuniary legacies, amounting to $7,000, were given by the will before the legacy of $1,000 to Miss Cleland (Mrs. Howe;) and that if the legacies were payable in their order out of interest realized by the executors, Miss Cleland’s legacy was not payable ■until March 1, 1847.
At this Term, (January Term, 1852,) the Court of Appeals announced its final judgment as follows:

Per Curiam.

The Court has considered the appeal taken from the decree of Chancellor Caldwell in this case, and concurs in the said decree ; and it is ordered that the same be affirmed, and the appeal dismissed.
Johnston, DüNKIN, Daroan and WARDLAW, CO., concurring.

Appeal dismissed.